**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

IMELDA S. AGUINALDO,

        Defendant - Appellant,

and

EDDIE V. AGUINALDO,

        Defendant.

No. 23-3841

D.C. No.
1:20-cv-00434-JMS-KJM

MEMORANDUM*

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted July 14, 2025**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Imelda Aguinaldo appeals pro se from district court orders granting

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

summary judgment and appointing a receiver in the United States' actions under 26 U.S.C. §§ 7401 and 7403 to reduce tax liabilities to judgment and foreclose tax liens on her property. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo. *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021). We affirm.

First, on its action to reduce federal tax assessments to judgment, "the government bears the initial burden of proof." *Palmer v. IRS*, 116 F.3d 1309, 1312 (9th Cir. 1997). The government can usually meet that initial burden by presenting Certificates of Assessments and Payments, or "Forms 4340," which are entitled to a presumption of correctness so long as they are supported by a "minimal factual foundation." *Id.* That presumption shifts the burden to the taxpayer to show that the determination is somehow incorrect or otherwise deficient. *United States v. Stonehill*, 702 F.2d 1288, 1294 (9th Cir. 1983). Only after the taxpayer demonstrates that the assessment is "arbitrary, excessive or without foundation" does the burden shift back to the government. *Palmer*, 116 F.3d at 1312.

Here, in its actions to reduce to judgment various tax liabilities assessed against Ms. Aguinaldo and her late husband Eddie Aguinaldo, the government produced documentary evidence far exceeding its burden to support its assessments with a "minimal factual foundation." *Id.* The government produced Forms 4340, declarations from IRS Officer Lim supporting their accuracy, and

23-3841

deemed admissions from the Aguinaldos that they owed assessed sums for: (1) unpaid income tax and related penalties; (2) employment- and unemployment-tax assessments and penalties against Mr. Aguinaldo as sole proprietor of Dynamic Interiors between 2007 and 2011; and (3) unpaid trust fund recovery penalties against Mr. Aguinaldo for his failure to collect and remit employment taxes for Dynamic Interiors after its formation as a limited liability company. The introduction of these presumptively correct assessments and other supporting documents into evidence shifted the burden of proof to Ms. Aguinaldo. *Stonehill*, 702 F.2d at 1294.

Ms. Aguinaldo renews several matter-of-law arguments already addressed by the district court, including: (1) that the Internal Revenue Code's requirements are unenforceable because they were never published in the Federal Register; and (2) that wages are not taxable income. We have repeatedly rejected such arguments. *United States v. Hicks*, 947 F.2d 1356, 1360 (9th Cir. 1991) ("It is the tax code itself, without reference to regulations, that imposes the duty to file a tax return."); *Gattuso v. Pecorella*, 733 F.2d 709, 710 (9th Cir. 1984) ("Taxpayers' claim that their wages are not income is frivolous."). Otherwise, Ms. Aguinaldo has done nothing to show that the assessments are "arbitrary, excessive or without foundation." *Palmer*, 116 F.3d at 1312.

Proceeding to the government's lien foreclosure claim, Section 7403 of the

Internal Revenue Code provides that the government may foreclose on tax liens that arise against the Aguinaldos and attach to their property, subject to two procedural requirements. First, "[a]ll persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto"; second, those parties must be "duly notified of the action." 26 U.S.C. § 7403. Here, the district court correctly concluded that the government cured its failure to notify four entities with liens on Ms. Aguinaldo's property, when it served its Third Amended Complaint against those non-appearing defendants. Ms. Aguinaldo did not raise then—and does not raise now—a material dispute of fact about: (1) whether the tax assessments attach to her property pursuant to 26 U.S.C. §§ 6321, 6322; (2) the propriety of a judicial sale; or (3) the relative priority of the parties claiming an interest in the proceeds from the property's sale. Thus, we affirm the district court's grant of summary judgment on the government's actions to collect tax assessments against Ms. Aguinaldo and foreclose tax liens on her property.[1]

    **AFFIRMED.**

---

[1] Reviewing for abuse of discretion, we also uphold the district court order appointing a receiver and denying Ms. Aguinaldo's motion to stay the proceedings and allow for private sale of the property through her preferred real estate agent. *Canada Life Assurance Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009) (reviewing for abuse of discretion a district court order appointing a receiver). That is the relief contemplated under 26 U.S.C. § 7403, and Ms. Aguinaldo offered no assurance that her proposal would allow the court to retain control over the sale and confirm distribution of its proceeds to satisfy the government's tax liens.